## Application of PROGRESS SHOE CO., Inc.
### No. 49980.

United States District Court
E. D. New York.
Aug. 28, 1952.

The following is the opinion by Referee, CASTELLANO:

The petition for relief under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., was filed by the debtor on March 15, 1952.

The debtor's third amended plan of arrangement dated June 23, 1952, provides for the payment of administration claims and priority claims in full and for payment to general unsecured creditors 100% of their claims without interest, payable 75% in cash upon confirmation and the balance 25% out of the remaining assets. I find that the assets are more than sufficient to pay the general unsecured creditors 100% of their claims without interest, and to pay priority and administration expenses in full, which payments total about $146,000.

There will be a surplus in the hands of the debtor after the aforesaid payments are made under the plan. The debtor moves on notice to the parties above, and pursuant to stipulation between them dated and filed May 21, 1952, for an order determining the question of priority of payment of their claims out of the balance of funds of the debtor after payments are made pursuant to the plan of general unsecured creditors of 100% of their claims without interest, and administration expenses and priority claims in full.

The third amended plan dated June 23, 1952 filed pursuant to order of June 24, 1952, provides in Sub. (d) thereof:

(d) Upon payment in full to all unsecured creditors of 100% of their claims, without interest, any sums remaining thereafter will be paid to the subordinate creditors, Lester Krieger and Sam Rosen, or to Abraham Ulano, Benjamin Pomerantz, William Pomerantz and Lena Pomerantz, as may be determined by the Court, and entered in said schedule of distribution, or in any further order entered by the Court.

Upon the record of the hearing held on May 28, 1952, (pp. 29–42), the debtor's petition filed May 26, 1952, the affidavit of creditors Lester Krieger and Sam Rosen, the stipulation of the parties filed May 21, 1952 and the claims of the parties filed herein, I find that the creditors Krieger and Rosen held a contract of employment with the debtor which commenced 1945 and terminated December 1950. During the period of their employment which existed prior to this contract they became minority stockholders of the debtor, and served as officers and directors thereof. On June 18, 1946, Abraham Ulano and Benjamin Pomerantz as trustees under the Will of Morris Pomerantz, deceased, creditors herein, controlled this debtor and the common stock of the debtor. A meeting of officers, directors and stockholders was held June 18, 1946, at which meeting a resolution was adopted (Creditors' Ex. A) authorizing the redemption of preferred stock as follows:

"Resolved, that out of surplus, each year for the next consecutive five (5) years the corporation shall apply $3000. out of the said surplus to redeem 30 shares of the issued and outstanding preferred shares of stock of the corporation each year at the redemption price of $100. All of the stockholders of record owning preferred stock shall present their pro rata share of said 30 shares (in case of fractional shares the nearest entire number shall be presented) to the Treasurer of the corporation, duly endorsed for transfer and with stock transfer stamps affixed, if required by law, on the 1st day of December, 1946 and on the 1st day of December of each consecutive year thereafter for a total of five (5) years. Upon such presentation of stock for payment to the Treasurer of the corporation, if a sufficient surplus shall then exist, he shall pay the redemption price for same and the presenting stockholder shall surrender the said shares presented. Upon such surrender and payment, the stockholder shall cease to have any interest in or claim against the corporation of any kind with respect to said shares of stock."

I find that there was due and payable by the debtor to the following creditors on December 1, 1950 and prior to the filing of the petition under Chapter XI, the total sum of $3390. (Creditor's Ex. B p. 4, and Ex. C p. 1) The debtor had a surplus on hand at this time, sufficient to pay such amount.

In accordance with the resolution of the Board of Directors dated June 18, 1946, the corporation redeemed 30 shares of preferred stock on December 1, 1950 at $100.00 per share plus accumulated dividends at the rate of 3% per annum from August 1, 1946 to December 1, 1950. The corporation is accordingly liable to the following individuals as indicated:

| Stockholder | Stock Redeemed | | Accumulated | |
| --- | No. Shares | Amount | Dividends | Total |
| Estate of | | | | |
| Morris Pomerantz | 22 | $2,200.00 | $286.00 | $2,486.00 |
| Sam Rosen | 5 | 500.00 | 65.00 | 565.00 |
| Lester Krieger | 3 | 300.00 | 39.00 | 339.00 |
| Totals | 30 | $3,000.00 | $390.00 | $3,390.00 |

The foregoing three creditors filed claims for the foregoing amounts as moneys due them on redemption of preferred stock owned and surrendered by them.

Creditors William Pomerantz and Lena Pomerantz each holding 1 share of preferred stock upon which they have each filed a claim for $100 did not surrender

their stock for redemption and the books of the debtor does not show any sum due them for preferred stock redemption.

Lester Krieger has filed a separate claim for $30,098.99, and Sam Rosen has filed a separate claim for $21,186.82. I find that both of these claims are based upon an award made by the American Arbitration Association dated April 21, 1952, and each award was confirmed by order and judgment of the Supreme Court, New York County dated May 5, 1952. The award in each case arises by reason of a breach of contract of employment and represents the value as fixed by arbitration pursuant to the contract, of the stock holdings of these two creditors, (excepting for the redeemed preferred shares of Krieger and Rosen.) Proceedings in arbitration, stayed upon filing of the petition, were permitted to continue before the arbitrators pursuant to order of this court and the claims were liquidated and determined.

### Conclusion

It is not disputed here, and the record clearly establishes that the creditors Krieger and Rosen knew of the existence of the stock redemption resolution of June 18, 1946, and that the trustees of the estate of Morris Pomerantz knew the terms of the contract of employment of 1945–1950 existing between the debtor and Krieger and Rosen.

All of these creditors have agreed that their claims are subordinate to the claims of the general creditors of the debtor. The sole issue between them is the question of priority of payment of their claims after general creditors and administration and statutory priority claims are paid in full, out of the surplus remaining in the hands of the debtor; such surplus fund will not be sufficient to pay these claims in full.

The trustees of the estate of Morris Pomerantz argue that their claim of $2486.00 should be paid first out of any surplus, and thereafter payment be made to Krieger and Rosen on their awards and judgments and redeemed perferred stock claims. The Trustees urge that their claim arose long prior to the awards and judgments and that Krieger and Rosen are subsequent judgment creditors who became such in 1952, with knowledge of the redemption of the

preferred stock and the debtor's liability to pay the amount due. They cite Cross v. Beguelin, 252 N.Y. 262, 169 N.E. 378, in support of their position.

Krieger and Rosen seek the surplus to be applied to the satisfaction of their judgments and that no part of the surplus be applied to the payment of the claim of the trustees of the estate of Morris Pomerantz, which they urge is a claim for return of capital.

I am of the opinion that the claims here are of the same class and no showing has been made of any equitable considerations by which one creditor should be subordinated in payment to the other. The provisions of the Bankruptcy statute, Secs. 2, 57 sub. d, 63, and 65, 11 U.S.C.A. §§ 11, 93, sub. d, 103, 105, and the decisions thereunder provide for the equal treatment of creditors upon distribution, unless the court is moved by equitable considerations to withhold payment, subordinate or postpone payment of one creditor to the payment of another, Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281. Collier 14th Ed. Vol. 3, p. 2291. The facts here do not justify any priority of any of the claims out of the surplus in the hands of the debtor.

The claims filed by William Pomerantz for $100. should be disallowed and expunged.

The claim filed by Lena Pomerantz for $100. should be disallowed and expunged.

The following claims should be subordinated to the payment of 100% of the claims of general unsecured creditors without interest, the payment of administration expenses and priority claims in full, under the Third amended plan, and should share pro rata in accordance with the amounts of their claims in the surplus then remaining in the hands of the debtor:

| | |
|---|---|
| Lester Krieger, <br> c/o Davis & Quat, attorneys <br> 259 Broadway, New York City | $30,098.99 |
| Lester Krieger <br> c/o Davis & Quat, attorneys | 339.00 |
| Sam Rosen <br> c/o Davis & Quat, attorneys <br> 259 Broadway, New York City | 21,186.82 |
| Sam Rosen <br> c/o Davis & Quat, attorneys | 565.00 |

Abraham Ulano and Benjamin
Pomerantz as trustees of the will
of Morris Pomerantz deceased    2,486.00
c/o Leo Kotler, attorney

Levin & Weintraub, New York City, for debtor.

Davis & Quat, New York City (Martin Horwitz, New York City, of counsel), for Lester Krieger and Sam Rosen.

Leo Kotler, New York City, for Abraham Ulano and Benjamin Pomerantz as trustees under Will of Morris Pomerantz deceased, William Pomerantz and Lena Pomerantz.

RAYFIEL, District Judge.

Lester Krieger and Sam Rosen, creditors of the above-named debtor, move to review the order of Hon. LOUIS J. CASTELLANO, Referee in Bankruptcy, dated July 7, 1952, and upon review to modify the said order to the extent that the claim of Abraham Ulano and William Pomerantz, as trustees, be held to be subordinate to their claims.

The learned Referee has found that the claims of the above creditors are of the same class and hence that neither is entitled to priority over the other.

The petition to review was filed by Abraham Ulano as trustee, and alleges that the Referee erred, first, in finding that Lester Krieger, Sam Rosen and Abraham Ulano and Benjamin Pomerantz, as trustees, should share pro rata in accordance with the amount of their respective claims in the surplus remaining in the debtor's hands after the payments provided for in the debtor's third amended plan of arrangement had been made, and, second, in failing to find that Ulano and Pomerantz as trustees, were entitled to priority in payment over Krieger and Rosen.

I agree with the Referee's finding that both these claims are of the same class.

The claim of Ulano and Pomerantz, as trustees, arises from a resolution duly adopted by the debtor corporation on June 18, 1946, providing for the purchase by the corporation, out of surplus, each year for the succeeding five years, of thirty shares of the preferred stock of the debtor corporation at the redemption price of $100 per share. The trustee's claim is for their pro rata share in the sum of $2486 which had accrued on December 1, 1950, at which time the corporation had a surplus. The obligation was not paid but was carried as a liability on the debtor Corporation's books.

Krieger and Rosen each filed a claim herein, Krieger's in the sum of $30,098.99 and Rosen's in the sum of $21,186.82. The claims arose by reason of a breach of contract of employment and represents the value, as fixed by arbitration, of their minority stock holdings in the debtor corporation. The arbitration awards were both confirmed by order and judgment of the Supreme Court of the State of New York.

I agree with the Referee that the said claims are of the same class and as he stated in his opinion " * * * no showing has been made of any equitable considerations by which one creditor should be subordinated in payment to the other." The provisions of the Bankruptcy statute, Secs. 2, 57, sub. d, 63 and 65 and the decisions thereunder provide for the equal treatment of creditors upon distribution, unless the court is moved by equitable considerations to withhold payment, subordinate or postpone payment of one creditor to the payment of another. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, Collier 14th ed. vol. 3, p. 2291.

Accordingly the petition to review is dismissed and the motion of Krieger and Rosen is denied.